UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT WASHINGTON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>P. D. BRAZELTON,<br><br>　　　　Respondent. | Case No.: 1:12-cv-00585-AWI-JLT<br><br>FINDINGS AND RECOMMENDATIONS RE: RESPONDENT'S MOTION TO DISMISS (Doc. 15)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

This habeas corpus petition was filed on March 30, 2012. On June 14, 2012, Respondent filed the instant motion to dismiss, contending, inter alia, that the Court lacks habeas jurisdiction over Petitioner's claims. (Doc. 15). On August 13, 2012, Petitioner filed his opposition to the motion to dismiss. (Doc. 18).

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition for lack of jurisdiction and failure to state a claim upon which habeas relief can be granted. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of

1

the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on the contention that the Court lacks jurisdiction over the habeas petition and that Petitioner has failed to state a claim upon which habeas relief can be granted. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B.  Nature of the Claims.

Petitioner is a state prisoner serving an indeterminate life sentence for a 1974 murder conviction in the Los Angeles County Superior Court. (Doc. 1, p. 1). Petitioner's Minimum Eligible Parole Date ("MEPD") was May 20, 1981. (Doc. 15, Ex. B). Subsequently, Petitioner has unsuccessfully sought parole eligibility at hearings before the Board of Parole Hearings ("BPH") on at least fifteen occasions. (Doc. 15, Ex. B).

Petitioner challenges the results of an April 12, 2010, prison disciplinary hearing after which Petitioner was found to have committed the offense of resisting a peace officer in the performance of his duties, for which he received a punishment of 90 days' forfeiture of credits. (Doc. 15, Ex. A). The incident giving rise to this determination occurred on March 9, 2010, when Petitioner objected to being returned to house with his cellmate, whom Petitioner contended was acting erratically. Although the accounts of Petitioner and the correctional officers differ in many respects, all agree that

when the correctional officers attempted to return Petitioner to his cell, he placed his foot against the wall to prevent being placed back in his cell, that an altercation with correctional officers resulted, and that Petitioner was ultimately placed in administrative segregation and charged with a rules violation.

In his petition, Petitioner raises a single ground for relief; however, as Respondent correctly notes, the claim subsumes three quite separate legal theories: (1) Petitioner was subjected to cruel and unusual punishment by correctional officers during the disciplinary incident; (2) Petitioner's federal due process rights were denied during the incident; and (3) Respondent failed to follow procedural requirements set forth in the state regulations.  (Doc. 1, p. 15 et seq.).

Respondent's motion to dismiss contends that the petition should be dismissed because the Court lacks habeas jurisdiction over Petitioner's due process claim since, as a "lifer" past his MEPD, his loss of credits does not impact the length of his sentence, that Petitioner's eighth amendment claim is not cognizable in habeas proceedings, and that any claim based solely on state law violations is likewise not cognizable in federal habeas proceedings.  For the reasons set forth below, the Court agrees with Respondent's analysis.

C.  Habeas Jurisdiction Is Absent For Any Claims Arising From Disciplinary Proceedings.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   Indeed, claims challenging the validity of a prisoner's continued incarceration, including the fact or length of the custody, lie within the "heart of habeas corpus" and are cognizable only in federal habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 498-99, 499 n.14 (1973).  In contrast, an action pursuant to 42 U.S.C. § 1983 is appropriate for a state prisoner challenging the conditions of prison life but not the fact or length of the custody.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);   Preiser v. Rodriguez, 411 U.S. at 499; Badea v. Cox, 931

1  F.2d 573, 574 (9th Cir. 1991).

2  With respect to prison disciplinary proceedings, it is established that a constitutional claim concerning the application of rules administered by a prison or penal administrator that challenges the duration of a sentence is a cognizable claim of being in custody in violation of the Constitution pursuant to 28 U.S.C. § 2254. See, e.g., Superintendent v. Hill, 472 U.S. 445, 454 (1985) (determining a procedural due process claim concerning loss of time credits resulting from disciplinary procedures and findings). The Supreme Court has held that challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be raised in a federal habeas corpus action and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment, and the relief sought is a determination of entitlement of immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475, 500.

The Supreme Court's decisions concerning any boundaries between habeas jurisdiction and § 1983 jurisdiction have been rendered in cases involving § 1983 proceedings. Thus, it is established that regardless of the precise relief sought, an action pursuant to § 1983 concerning prison administrative processes is barred if success in the action would necessarily demonstrate the invalidity of the confinement or its duration, or necessarily imply the invalidity of a conviction or sentence. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (parole processes). However, the limits on habeas jurisdiction, or the appropriate extent of any overlap between habeas and § 1983, has not been definitively addressed by the Supreme Court. The Supreme Court has adverted to the possibility of habeas as a potential alternative remedy to an action under § 1983 for unspecified additional and unconstitutional restraints during lawful custody, Preiser v. Rodriguez, 411 U.S. at 499-500, but it has declined to address whether a writ of habeas corpus may be used to challenge conditions of confinement as distinct from the fact or length of confinement itself, see, Bell v. Wolfish, 441 U.S. 520, 527 n.6 (1979). Nevertheless, the Court continues to recognize a "core" of habeas corpus that refers to suits where success would inevitably affect the legality or duration of confinement. For example, in Wilkinson, the Court noted that if success on a claim would mean at most a new opportunity for review of parole eligibility, or a new parole hearing at which authorities could discretionarily decline to shorten a prison term, then success would not inevitably lead to release, and

the suit would not lie at the core of habeas corpus. Wilkinson, 544 U.S. at 82.

In the singular context of parole, cases in this circuit have recognized a possibility of habeas jurisdiction in suits that do not fall within the core of habeas corpus. Bostic v. Carlson, 884 F.3d 1267 (9th Cir. 1989) (expungement of disciplinary finding likely to accelerate eligibility for parole)[1]; Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004) (a claim challenging the constitutionality of the frequency of parole reviews, where the prisoner was seeking only equitable relief, was held sufficiently related to the duration of confinement). The likelihood that the outcome of the litigation impact the duration of the confinement must be greater than a mere metaphysical possibility. Instead, relief pursuant to § 1983 remains an appropriate remedy for claims concerning administrative decisions made in prison where success would not necessarily imply the validity of continuing confinement. Docken v. Chase, 393 F.3d at 1030 (characterizing Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997) as holding that a § 1983 suit is an appropriate remedy for challenges to conditions [there, administrative placement in a sex offender program affecting eligibility for parole] which do not necessarily imply the invalidity of continuing confinement).

It is established in this Circuit that where a successful challenge to a disciplinary hearing or administrative sanction will not necessarily shorten the overall length of confinement, then habeas jurisdiction is lacking. In Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003), a prisoner sought relief pursuant to § 1983 for allegedly unconstitutional disciplinary proceedings that resulted in administrative segregation. It was held that § 1983 was the appropriate remedy because the alleged constitutional errors did not affect the overall length of the prisoner's confinement; success in the § 1983 action would not necessarily result in an earlier release from incarceration, and the § 1983 suit did not intrude upon the core or "heart" of habeas jurisdiction. Ramirez, 334 F.3d at 852, 858.

However, the Ramirez court went further and considered the related question of the extent of habeas corpus jurisdiction and expressly stated that its holding "also clarifies our prior decisions addressing the availability of habeas corpus to challenge the conditions of imprisonment." 334 F.3d at 858. The court reviewed the decisions in Bostic v. Carlson and Neal v. Shimoda and concluded as

---

[1] The Court notes that Bostic involved a suit pursuant to 28 U.S.C. § 2241, not § 2254.

5

follows:

> Our decision in Neal v. Shimoda, 131 F.3d 818 (9th Cir.1997), illustrates the importance of measuring the likelihood that a suit under § 1983 will affect the length of the prisoner's confinement. In Neal, two state prisoners filed suits under § 1983 alleging that they were classified as sex offenders in violation of the Due Process and Ex Post Facto guarantees. Id. at 822-23. Among other harms, both inmates argued that the classification affected their eligibility for parole. Id. We held that Heck did not require the inmates to invalidate their classification before bringing suit under § 1983, because a favorable judgment "will in no way guarantee parole or necessarily shorten their prison sentences by a single day." Id. at 824. The prisoner suits did not seek to overturn a disciplinary decision that increased their period of incarceration. Rather, a successful § 1983 action would provide only "a ticket to get in the door of the parole board." Id. A favorable judgment, therefore, would not "undermine the validity of their convictions," or alter the calculus for their possible parole. Id.
>
> Neal makes clear that under Preiser habeas jurisdiction is proper where a challenge to prison conditions would, if successful, **necessarily accelerate** the prisoner's release. Thus, Neal accords with our holding here that habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.

Ramirez, 334 F.3d at 858-59, emphasis added. Thus, habeas jurisdiction might be predicated on some condition of confinement claims affecting parole if there is a sufficient nexus to the length of imprisonment or a *sufficient likelihood* of affecting the overall length of a prisoner's confinement. Docken v. Chase, 393 F.3d at 1030-31 (emphasis supplied). Conversely, the Ninth Circuit has emphasized that measurement of the likelihood will result in an absence of habeas jurisdiction where the challenge *will not necessarily* shorten the overall sentence. Ramirez, 334 F.3d at 859 (emphasis supplied). In Ramirez, expungement of the disciplinary action was not shown to be likely to accelerate eligibility for parole; rather, success there would have meant only an opportunity to seek parole from a board that could deny parole on any ground already available to it. Thus, the suit did not threaten to advance the parole date. Id. at 859.

As a state prisoner serving an indeterminate life sentence, Petitioner's credit-earning is governed by state regulations. Section 2290(a) of Title 15 provides as follows:

> "Life prisoners may earn post-conviction credit for each year spent in state prison. Post-conviction credit for time served prior to the hearing at which a parole date is established shall be considered at that parole consideration hearing. Thereafter, post-conviction credit for time served since the last hearing shall be considered at progressive hearings. In no case may post-conviction credit advance a release date earlier than the minimum eligible parole date."[1]

---

[1] Title 15 of the Code of California Regulations § 2000(b)(3) defines a "life prisoner" as "a prisoner serving a sentence of life with the possibility of parole." Life sentences may be imposed for, inter alia, both first and second degree murder. Cal. Code Regs., tit. 15, § 2000(b)(3)(B and (C)). Here, Petitioner was sentenced to a life term for murder with a firearm.

Put simply, once Petitioner has reached his MEPD, his credit-earning potential as an inmate serving an indeterminate life sentence, has no bearing on the length of time we will actually remain in prison, since, at that point, such a determination is made solely by the BPH after conducting a suitability hearing.  Petitioner makes the wholly unsubstantiated and self-serving claim that the instant rules violation will impair his chances for being deemed suitable at his next parole hearing.  The record before the Court indicates that Petitioner has been denied parole on at least fifteen occasions prior to this recent rules violation, a circumstance from which one must reasonably conclude that the BPH has many concerns about the potential threat to safety Petitioner would pose if released that have nothing to do with the challenged rules violation.  It strains credibility to contend that, having been denied parole fifteen times that, now, this one, single violation of prison rules will have an appreciable impact on the BPH's decision at future suitability hearings over and above the concerns it has had in the past when it denied him parole on fifteen occasions.  Because of this, the Court concludes that neither the loss of credits resulting from the conviction nor the conviction itself will <u>necessarily</u> shorten Petitioner's overall sentence.  <u>Ramirez</u>, 334 F.3d at 859 (emphasis supplied).   Thus, as Respondent correctly contends, habeas jurisdiction is absent for any claims arising from the challenged disciplinary proceedings.

       D.  <u>No Habeas Jurisdiction For Eighth Amendment Conditions Claims</u>.

Petitioner next contends that the correctional officers' use of force in attempting to return him to his cell violated his Eighth Amendment right against cruel and unusual punishment.  Respondent counters that Petitioner's claim is a conditions claim for which the Court lacks habeas jurisdiction.  The Court agrees.

The Eighth Amendment prohibits cruel and unusual punishment.  <u>See generally</u>, <u>Wilson v. Seiter</u>, 501 U.S. 294, 297, 111 S.Ct. 2321 (1991).  The Eighth Amendment's proscription on cruel and unusual punishment encompasses an inmate's right to be free from excessive force.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-7, 112 S.Ct. 995 (1992).  Thus, should an inmate suffer the use of excessive force, he could raise a claim that his federal constitutional rights have been violated under the Eighth

---

(Doc. 1, p. 2).  Though the petition does not specify whether the conviction was for first or second degree murder, it does not matter since, under either scenario, Petitioner falls within the provisions of this regulation vis-a-vis his credit-earning ability.

Amendment.

However, such circumstances merely frame the legal basis of the claim, not the legal vehicle for obtaining relief for that claim. As mentioned, habeas jurisdiction exists only for petitioners challenging the legality or duration of their incarceration, not the conditions of confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). As Respondent correctly observes, Petitioner's claim of excessive force, while arising out of the same factual nexus as that which gives rise to the disciplinary proceeding, is nevertheless entirely independent of any claim that the disciplinary proceedings themselves were constitutionally defective. To the contrary, Petitioner's Eighth Amendment claim attempts to state a claim for a civil rights violation pursuant to 42 U.S.C. § 1983 since the gravamen of the claim relates to the conditions of Petitioner's confinement, i.e., use of excessive force during confinement, not the fact or duration of that confinement. Accordingly, Petitioner's Eighth Amendment claim should be brought as a civil rights claim pursuant to § 1983, not as a habeas claim. Moreover, to the extent that the Eighth Amendment claim can be somehow construed as arising from and as a challenge to the disciplinary proceedings themselves, rather than independent of them, the Court lacks habeas jurisdiction to review those proceedings for the reasons explained previously.

E. State Law Claims Cannot Be Considered In Habeas Proceedings.

Respondent next contends that, to the extent that Petitioner's claims rest solely on state law grounds, they are not cognizable in federal habeas proceedings. Again, the Court agrees.

In the petition, Petitioner contends as follows: (1) correctional staff violated state regulations by using mechanical restraints on him after he resisted returning to his cell; (2) the rules violation report identified the wrong subsection in making the charged violation; (3) the hearing officer failed to correct the error at the hearing; (4) Petitioner was denied the presence of two witnesses at his hearing; and (5) correctional staff violation California Code of Regulations, title 15, § 3270 by not re-housing Petitioner immediately upon his request. (Doc. 1, pp. 18-20).

Fairly reading Petitioner's claims, he intermixes these purported state court violations with his repeated assertions that the state regulatory violations also constitute violations of his due process and Eighth Amendment rights. The Court has already addressed the latter two bases for relief and has concluded that no habeas jurisdiction exists to proceed on them. However, to the extent that

Petitioner's claims can be construed as being independently predicated on state law, they must also fail.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing § 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claims in state court resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Federal habeas review is limited to claims that are set out as described above. As a general matter, issues that are solely a matter of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").

Necessarily, then, to the extent that Petitioner's claims rest entirely on state law, e.g., purported violations of state prison regulations, they are not cognizable in these habeas proceedings. Indeed, as Respondent correctly notes, Petitioner raised these precise claims in his state habeas petition in the California Supreme Court, which denied relief. (Doc. 15, Exs. C & D). Federal habeas review does not lie for errors of state law, such as those allegedly made by a state court in denying habeas relief. Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v.

<em>Eikenberry</em>, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). Thus, Petitioner's claims, to the extent that they seek to state claims for relief solely under California law, are not cognizable.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss (Doc. 15), be GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to state any cognizable federal habeas claims and for lack of habeas jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 20 days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within 10 court days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 27, 2012**         **/s/ Jennifer L. Thurston**
                              UNITED STATES MAGISTRATE JUDGE

<em>10</em>